IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**RODRICK LARKINS,**

        Defendant.

No. 3:21-CR-00250-MO-1

OPINION AND ORDER

**MOSMAN, J.,**

This matter is before me on Defendant[1] Rodrick Larkins's pro se motion to vacate or set his conviction aside under 28 U.S.C § 2255. Mot. Under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, [ECF 247]. As explained below, I DENY Defendant's § 2255 motion and DENY issuance of a certificate of appealability.[2]

### BACKGROUND

**I. Defendant's Motion to Suppress Evidence**

Defendant was charged with various drug and gun offenses. Indictment, [ECF 1]. He moved to suppress evidence supporting these charges that was collected during warranted searches

---

[1] For consistency with the case caption, I refer to Mr. Larkins as Defendant instead of Petitioner in this Opinion and Order.

[2] Because a hearing will not aid me in resolving this matter, I decide this motion on the briefing. *See United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994).

1 – Opinion and Order

of his car and residence. Motion to Suppress and Supporting Memorandum, [ECF Nos. 97 and 98]. Defendant argued that the warrants were deficient because (1) the affiant had not signed the search warrant affidavits, (2) there was no recording of the oral proceedings to authenticate the warrants, and (3) the information supporting the probable cause determination was stale. [ECF 98] at 1–2, 5–7. He also moved for a *Franks* hearing on the grounds that the affiant did not disclose information about the confidential informant. *Id.* at 12–13. This Court denied Defendant's motion to suppress and motion for a *Franks* hearing. Minutes of Proceedings, [ECF 114]. Defendant subsequently pleaded guilty to possession with intent to distribute heroin in violation of 21 U.S.C § 841(a)(1) and (b)(1)(C). Minutes of Proceedings, [ECF 210]; Judgment & Commitment, [ECF 232].

## II.     Defendant's Appeal

Defendant filed a direct appeal of the denial of his motion to suppress and motion for a *Franks* hearing. Notice of Appeal, [ECF 235]. He argued that this Court erred when it denied his motion to suppress the evidence collected during the warranted searches of his residence and car because (1) the affiant's oaths were not recorded, and (2) the affiant did not sign the affidavits until after the warrant was issued. *See* Memorandum, [ECF 245] at 2. Defendant also argued that he was entitled to a *Franks* hearing because the affidavit (1) omitted offers of leniency to the confidential informant and the confidential informant's criminal history and arrest, and (2) contained stale information. *Id.* at 4–6. In a Memorandum filed on February 14, 2025, the Ninth Circuit rejected both arguments. *Id.* at 2–3, 5–6.

## III.    Defendant's § 2255

Defendant timely filed this motion attacking his sentence under 28 U.S.C § 2255. [ECF 247]; *see* 28 U.S.C § 2255(a)(1); *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015).

2 – Opinion and Order

## DISCUSSION

I.  **Legal Standard**

Under § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that "the sentence was imposed in violation of the Constitution." 28 U.S.C § 2255(a).

Generally, "§ 2255 may not be used as a chance at a second [direct] appeal." *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000); *see also United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012) ("If [defendant] did raise this issue on direct appeal and the previous panel addressed it, then that decision is the law of the case."). This is because a direct appeal serves to correct legal errors made during the trial while a motion under § 2255 is a parallel—or more legally put, collateral—appeal to challenge the legality of the sentence itself and is typically based on constitutional errors that could not have been raised on direct appeal. *See United States v. Addonizio*, 442 U.S. 178, 184 (1979) (In enacting § 2255, Congress "did not proport to modify the basic distinction between direct review and collateral review."). On the other hand, if a defendant could have raised an issue on direct appeal but did not, that issue is likely procedurally defaulted from being raised in a § 2255 motion. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal" (internal quotation marks and citation omitted)).

II.  **Defendant's Grounds for Relief**

Defendant's § 2255 motion asserts four grounds for relief. *Id.* at 4–8. First, he argues that the affidavit supporting the search warrant was not signed under oath. *Id.* at 4. Second, he claims

that "there is no record or memorialization" of the "testimony" considered by the judge issuing the warrant. *Id.* at 6. Third, he states that the affidavit included several misrepresentations regarding surveillance of his apartment and that no law enforcement officer either "wrote an investigative or surveillance report prior to the warrant" or gave sworn testimony to support the warrant. *Id.* at 8. Fourth he asserts that his trial and appellate counsel were ineffective for failing to investigate the charges against him and "properly argue" that the Government had not presented evidence of probable cause. *Id.* at 8.

### A.    Affiant's Signature (Ground One)

Defendant raised his first ground for relief—that the affiant did not sign the affidavit supporting probable cause for the issuance—in his direct appeal and the Ninth Circuit rejected it. *See* [ECF 245] at 2–3. In his reply, Defendant asserts that "[t]he Circuit Court did not make a ruling on the unsworn declaration." Petitioner's Reply to Respondent's Response, [ECF 250]. It is clear, however, from the Memorandum that the Ninth Circuit squarely considered and ruled on this issue. [ECF 245] at 3 ("Officer Stewart's failure to sign the affidavits until after the execution of the search warrant also does not amount to a constitutional violation."). Because Defendant had a full and fair opportunity to litigate this ground on direct appeal, he cannot raise it in his motion under § 2255. *See Hayes*, 231 F.3d at 1139; *see also Addonizio*, 442 U.S. at 184.

### B.    Record of Testimony Supporting Warrant (Ground Two)

The same is true of Ground Two. Although Defendant argues that the Ninth Circuit did not decide this issue "because Appellate Counsel failed to file an adequate brief," the Memorandum establishes that the Ninth Circuit concluded that the failure to record the oath did not constitute a constitutional violation. [ECF 245] at 3. Because Defendant had a full and fair chance to litigate

his claim that the failure to record the affiant's oaths violated the Fourth Amendment on direct appeal, he cannot raise that issue here. *See* [ECF 245] at 2–3; *Hayes*, 231 F.3d at 1139.

To the extent that Defendant raises a broader claim in his § 2255 motion—that there is no record of the testimony the affiant gave by telephone—this issue is procedurally defaulted because he could have but did not raise this issue on direct appeal. *See* [ECF 247] at 6 ("there is no record or memorialization of that testimony" that the judge considered when issuing the warrant); [ECF 98] at 1 (raising and preserving the claim of no recording to authenticate the oral proceeding); *see generally* [ECF 245] (finding no constitutional violation for failure to record the oath but not addressing the lack of recording of the testimony). Accordingly, this claim is procedurally barred, which means that I cannot consider it now because Defendant did not follow the proper procedure of raising it on direct appeal. *See Bousley*, 532 U.S. at 621; [ECF 98] at 12–16 (raising and preserving the claim of surveillance discrepancies in his motion to suppress). And Defendant does not argue that any exception to the procedural default rule that would allow for consideration of this issue. *See id.* at 621–22 (procedurally defaulted claims may only be raised in habeas if a defendant can show "either 'cause' and actual 'prejudice'" (internal quotation marks and citation omitted)).

C.   **Misrepresentations (Ground Three)**

Defendant makes multiple arguments in Ground Three. First, he argues that the affidavit supporting the search warrant "include[d] several misrepresentations of fact." [247] at 8. This argument cannot be used as a basis for Defendant's § 2255 motion because the Ninth Circuit considered and rejected it on his direct appeal. *See* [245] at 3–5; *Hayes*, 231 F.3d at 1139.

Defendant next argues that the alleged lack of evidence of surveillance on his apartment before the warrant's issuance renders his sentence constitutionally defective. [247] at 8. Defendant

could have raised this issue on direct appeal but did not. *See* [ECF 98] at 12–16 (raising and preserving the claim of surveillance discrepancies in his motion to suppress); *see generally* [ECF 245]. Accordingly, this claim is procedurally barred. *See Bousley*, 532 U.S. at 621; [ECF 98] at 12–16 (raising and preserving the claim of surveillance discrepancies in his motion to suppress). And, as above, Defendant does not argue that any exception to the procedural default rule that would allow for consideration of this issue. *See id.* at 621–22 (procedurally defaulted claims may only be raised in habeas if a defendant can show "either 'cause' and actual 'prejudice'" (internal quotation marks and citation omitted)).

Finally, Defendant argues that he was deprived of his Fourteenth Amendment right to due process because "the detective" did not testify at the suppression hearing and because he was unable to subpoena records confirming that the detective spoke with the judge who issued the search warrant. [ECF 247] at 8; Points and Authorities, [ECF 247-1] at 12–13. When reviewing whether a warrant was properly issued, a court is "limited to the information and circumstances contained within the four corners of the underlying affidavit." *United States v. Stanert*, 762 F.2d 775, 778 (9th Cir.), *amended*, 769 F.2d 1410 (9th Cir. 1985). Accordingly, Defendant's arguments regarding the lack evidence from outside corners of the underlying affidavit are insufficient to establish a constitutional violation. *See id.*

### D. Ineffective Assistance of Counsel (Ground Four)

Defendant contends that both his trial and appellate counsel "failed to properly investigate the charges" or "argue the fact that no evidence of probable cause has been presented to the defendant by the Government" [ECF 247] at 8.

"[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Under *Strickland*'s two-factor test for ineffective

assistance of counsel claims, a convicted defendant must establish (1) constitutionally deficient performance by counsel that (2) prejudiced defendant. *Id.* at 687. "The essence" of such a claim "is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). The *Strickland* standard is highly demanding; "[o]nly those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ . . . ." *Id.* at 382; *see also Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) ("Surmounting *Strickland*'s high bar is never an easy task."). "Even if inadvertence (not tactical reasoning) results in non-pursuit of a particular issue 'relief is not automatic. The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'" *Washington v. Shinn*, 46 F.4th 915, 927 (9th Cir. 2022) (quoting *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003)).

I find that Defendant has not met his burden under *Stickland*'s first factor of showing that his trial counsel provided constitutionally deficient performance. The record contradicts Defendant's conclusory claims about his counsels' performance. It establishes that trial counsel moved to suppress the evidence supporting the charges against Defendant, making the same arguments that Defendant relies on in support of his § 2255 motion, and that appellate counsel argued that this Court's denial of the motion to suppress and *Franks* hearing was error. *See* [ECF 98] (making arguments in support of the motion to suppress that are virtually identical to Defendant's arguments in this § 2255 motion); [ECF 245] (rejecting arguments on direct appeal similar to those made here). I find that Defendant's trial counsel's and appellate counsel's representation was well within the "prevailing professional norms." *Strickland*, 466 U.S. at 688. Because Defendant cannot establish *Strickland*'s reasonableness factor, he cannot establish a

7 – Opinion and Order

constitutional violation based on his ineffective assistance of counsel claim. *See Strickland*, 466 U.S. at 687–88 (a failure to satisfy either factor requires rejection of an ineffective assistance of counsel claim).

## IV.  Certificate of Appealability

A court should issue a certificate of appealability (COA) only if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). For the reasons set forth above, I find that Defendant has not made such a showing. Accordingly, I DENY issuance of a COA.

## CONCLUSION

For the reasons above, I DENY Defendant's Motion under 28 U.S.C § 2255 [ECF 247], and I DENY issuance of a COA.

IT IS SO ORDERED.

DATED this 27th day of October, 2025.

MICHAEL W. MOSMAN
United States District Judge